**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 15-1420
_____

PENNSYLVANIA DEPARTMENT OF EDUCATION,

Petitioner

v.

SECRETARY UNITED STATES DEPARTMENT OF EDUCATION

_____

On Petition for Review of a Final Order
of the United States Department of Education
(EDUC-1: 11-33-R)
_____

Submitted Under Third Circuit LAR 34.1(a)
December 8, 2015

Before: FUENTES, SHWARTZ, and VAN ANTWERPEN, Circuit Judges

(Opinion Filed: March 10, 2016)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

FUENTES, Circuit Judge:

The Pennsylvania Department of Education appeals the recovery amount owed to the U.S. Department of Education after an audit of the Philadelphia School District revealed widespread misuse of federal funds. For the reasons that follow, we will deny the petition for review.

## I.

A 2010 audit of the Philadelphia School District revealed numerous instances of misusing federal grant funds from July 2005 through June 2006. The report questioned $138.4 million in District spending, including $121.1 million in inadequately documented personnel costs. In March 2011, the U.S. Department of Education ("the Department") issued the Pennsylvania Department of Education ("Petitioner") a program determination letter that sustained certain audit findings. The Department initially sought recovery of approximately $10 million, but the parties agreed to reduce the amount to $7.2 million based on the statute of limitations for recovery of misspent grant funds. Petitioner appealed the determination to the Department's Office of Administrative Law Judges and requested an equitable offset, which is a reduction in the recovery amount by the amount of nonfederal funds spent for purposes within the scope of the federal grant. Chief Administrative Law Judge Allan C. Lewis rejected the appeal, and the Secretary of the Department affirmed.

Petitioner now asks this Court to review the Secretary's decision, arguing that the Secretary (1) arbitrarily and capriciously departed from its own precedent in denying

2

Petitioner's request for an equitable offset, and (2) incorrectly applied the five-year statute of limitations in demanding recovery of contract and personnel expenditures made prior to March 2006.  For the reasons that follow, we reject both arguments.[1]

## II.

### A.  Equitable Offset

The doctrine of equitable offset "operates to reduce a grantee's liability by allowing a grantee to substitute disallowed costs with expenditures that were not made with Federal funds but were made in furtherance of the purposes of the grant."  App. 9.  A grantee is not entitled to an equitable offset as a matter of right.[2]  As its name suggests, equitable offset is an equitable remedy,[3] to be "applied on a case-by-case basis at the discretion of the trier of fact."  App. 13.

Here, the Secretary concluded that an equitable offset was not warranted under the circumstances—where the audit report contained "evidence of a complete breakdown in the basic budgetary practices required by Federal grant regulations."  App. 12.  In

---

[1] We have jurisdiction over this petition for review pursuant to 20 U.S.C. § 1234g.  We will set aside an agency decision that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(2)(A).  "The scope of review under the 'arbitrary and capricious' standard is 'narrow, and a court is not to substitute its judgment for that of the agency.'"  *CBS Corp. v. F.C.C.*, 663 F.3d 122, 137 (3d Cir. 2011) (quoting *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)).  "[W]here an agency departs from established precedent without announcing a principled reason for such a reversal, its action is arbitrary and an abuse of discretion and should be reversed."  *Chao v. Roy's Constr., Inc.*, 517 F.3d 180, 190 (3d Cir. 2008) (citations and alterations omitted).

[2] *Consol. Appeals of Fla. Dep't of Educ.*, 69 Educ. Law Rep. 1373, 1394, 1990 WL 357910, at *24 (ED. O.H.A. June 26, 1990).

[3] *Tangipahoa Parish Sch. Bd. v. U.S. Dep't of Educ.*, 821 F.2d 1022, 1030 (5th Cir. 1987); *Consol. Appeals of Fla.*, 69 Educ. Law Rep. at 1393.

particular, the audit found that the Philadelphia School District improperly used federal grant funds to supplant state and local funding, inadequately enforced policies and procedures for processing financial transactions, and failed to have in place written policies and procedures for various fiscal processes. The Secretary emphasized that failures of this magnitude were too egregious and too widespread to merit an offset. That the School District immediately began making corrective actions after receiving the final audit report did not counteract the mismanagement and improper expenditures before the report came out. Absent the audit, the Secretary noted, it is unclear when or whether these practices would have been addressed.

Petitioner argues that the Secretary's decision represents a significant departure from Department precedent, without notice or a reasoned explanation. It underscores that this case is the first in which the Secretary denied equitable offset based on the nature of the grantee's misconduct. It contends that never before has the Secretary focused on the extent of the underlying violations or on the response of the school district. Rather, equitable offset decisions have focused solely on the proposed offset and whether it met the intent and purpose of the federal grant.

The Department counters that its decisions have demonstrated that granting an equitable offset is a matter of "reasonableness and equity," and is based on review of the underlying facts and circumstances, including the nature and extent of the grantee's departure from the terms of the grant. Dep't Br. 37. The Department also notes that this

4

case was the first in which it actually objected to the grantee's request for an equitable offset based on the nature of the grantee's misconduct.

We cannot say that the Secretary's decision was an arbitrary departure from established precedent. We must give deference to an agency's interpretation of its own decisions unless the proffered interpretation is capricious.[4] Here, the Secretary discussed four equitable offset decisions, the sum of which suggests that a variety of factors may impact the ultimate determination.[5] These factors include, but are not limited to: (1) the severity of the violation (honest or clerical error vs. purposeful error); (2) whether supporting documentation may be missing; (3) whether the grantee immediately acknowledged the mistake and took action to remedy the violation; (4) the scope and pervasiveness of the underlying actions; (5) whether the grantee acted in "good faith" in response to the issue; (6) whether the grantee has proven that the expenditure claimed as an offset were used for federal programmatic purposes; (7) whether the offset achieves the aims of the governing statutes and regulations and would not violate any statutory requirements; and (8) the arguments, if any, that the Department offers in opposition to the request for offset. Applying this precedent, the Secretary concluded that the Petitioner is not entitled to an equitable offset.

---

[4] *CBS Corp.*, 663 F.3d at 143.

[5] *See, e.g.*, *Application of Pittsburg Pre-School and Cmty. Council, Inc.*, Dkt. No. 09-20-R (E.D. O.H.A. May 16, 2012); *Application of Ariz. Dep't of Educ.*, 2010 WL 3378298 (E.D. O.H.A. Aug. 12, 2010); *N.C. Dep't of Pub. Instruction*, 1993 WL 940005 (E.D. O.H.A. Oct. 13 1993); *Consol. Appeals of Fla.*, 69 Educ. Law Rep. 1373; *see also Application of N.Y. State Dep't of Educ.*, 108 Educ. Law. Rep. 1369, 1414-38, 1994 WL 907419, at *56-87 (E.D. O.H.A. Apr. 21, 1994).

We also cannot say that the Secretary's decision was an abuse of discretion.  He underscored that a case-by-case, totality of the circumstances analysis is appropriate, and that is exactly what he did here.  The very name "equitable offset" suggests that the remedy is grounded in fairness, and the Secretary provided a thorough evaluation of why the egregiousness of the underlying violations in this case did not merit such a remedy.  The Secretary also confined the decision to the parties in this case, and thus no argument can be made that the decision created a new rule without going through notice and comment rulemaking.

B.  Statute of Limitations

Under the relevant statute of limitations, the Department may not recover any misspent grant funds that were "expended in a manner not authorized by law more than five years before the recipient received written notice of a preliminary departmental decision."[6]  The Secretary interpreted "in a manner not authorized by law" as referencing unauthorized expenditure of federal funds.  App. 8.

Petitioner argues that, because it received a program determination letter in March 2011, it should not be liable for misused funds prior to March 2006.  But here, the Philadelphia School District initially charged disallowed contract costs to its local account prior to March 2006, and then in September 2006 changed the funding code to link the expenses to its federal account.  Thus, the earliest point at which the Secretary

---

[6] 20 U.S.C. § 1234a(k); *see also* 34 C.F.R. § 81.31(c).

could know those funds were being used "in a manner not authorized by law" was when the School District charged the expenditures to the federal account.

The Department points out that, typically, a grantee has some evidence to show whether an expenditure is to be treated as a federal program cost. Here, however, the School District could not produce any evidence that when it charged those expenditures to its own account it did so as an advance of federal funds. Thus, we find it reasonable for the Secretary to conclude that the logical point from which the limitations period must run is the date of the impermissible expenditure, not simply the date of obligation, especially where there is no evidence that those expenditures were initially considered for federal grant purposes.

## III.

For the foregoing reasons, we will deny the petition for review.